___

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

## No. 20-1716
___

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Appeal from the |
| | ) | United States District Court for |
| Plaintiff-Appellee, | ) | the Central District of Illinois |
| | ) | |
| v. | ) | No. 05-cr-40098 |
| | ) | |
| RAMON GARCIA, | ) | Honorable Joe Billy McDade |
| | ) | United States District Judge |
| Defendant-Appellant. | ) | |

___

## THE UNITED STATES' UNOPPOSED MOTION FOR REMAND

On appeal, the defendant Ramon Garcia challenges the district court's denial of his motion for compassionate release holding that Garcia had not presented an "extraordinary and compelling" reason justifying his release, as required by 18 U.S.C. § 3582(c)(1)(A)(i). Garcia argues that the district court erred in thinking itself bound by the application notes to section 1B1.13 of the Sentencing Guidelines in making that determination. Def.Br. 19-21. Garcia further claims that to the extent section 1B1.13 applied, the court could itself determine "extraordinary and compelling" reasons meriting release other than those set out in Application Note 1. *Id.* at 21-23. Finally, Garcia argues that the First Step Act supersedes section

Exhibit U

1B1.13 to the extent the application notes require deference to a gatekeeper in the Bureau of Prisons. *Id.* at 23-28.

As a preliminary matter, the United States agrees with the district court that (1) section 1B1.13 governs whether Garcia has presented an "extraordinary and compelling" reason for release, and (2) the district court lacked authority to identify "extraordinary and compelling" reasons other than those stated in Application Note 1. The government concedes, however, that Garcia has presented an "extraordinary and compelling reason[]"as defined in Application Note 1. *See* U.S.S.G. § 1B1.13, comment. (n.1(A)(ii)). The United States therefore moves this Court to remand the case so that in determining whether Garcia should receive a reduced sentence, the district court may consider in the first instance any applicable factors under 18 U.S.C. § 3553(a) and decide whether, as the United States argued below and maintains, Garcia presents "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

## BACKGROUND[1]

A. The First Step Act

Under Title 18, United States Code, Section 3582(c)(1)(A)(i), an inmate may seek a reduction in sentence (often colloquially referred to as "compassionate

---

[1] Our citations to the record use the following abbreviations: "d/e" means "docket entry"; "R." followed by a number refers to the document bearing that number on the district court's docket; and "Def. Br." refers to the defendant's brief.

release") based on "extraordinary and compelling reasons," ordinarily related to extreme medical or family circumstances. 18 U.S.C. § 3582(c)(1)(A)(i).

In December 2018, Congress enacted the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which amended the compassionate release statute to permit a reduction motion to be filed not only by the Director of the Bureau of Prisons, but also by the inmate himself, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A).

The statute further requires that any reduction in sentence be consistent with policy statements of the Sentencing Commission. § 3582(c)(1)(A)(ii); *see* 18 U.S.C. § 994(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and specific examples"). The pertinent policy statement appears at U.S.S.G. § 1B1.13, which sets forth in commentary possible bases for a finding of "extraordinary and compelling" circumstances, including a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," among others. U.S.S.G. § 1B1.13, comment. (n.1(A)(ii)). These terms are set forth in Application Note 1(A) through

Exhibit U

(C) of section 1B1.13. In addition, Note 1(D) permits relief based on any other circumstance identified as "extraordinary and compelling" by the director of the Bureau of Prisons. *Id.*, comment. (n.1(D)). For its part, BOP has defined those circumstances in BOP Program Statement 5050.50, which focuses on the same types of medical, age, and family circumstances addressed in the guideline policy statement, albeit with some differences in the definitions of such qualifying circumstances. *See* Federal Bureau of Prisons, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, Jan. 17, 2019, https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

The guideline policy statement also requires, in every case, that the court weigh any applicable factors under section 3553(a), and not permit release unless it finds that the defendant is "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

B.  Relevant Procedural History

In 2006, the district court sentenced Garcia to 240 months of imprisonment after Garcia pleaded guilty to conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possession with the intent to distribute five kilograms or more of cocaine, in violation of § 841(a)(1), (b)(1)(A).

In April 2020, Garcia filed a counseled motion for compassionate release under Section 404 of the First Step Act, arguing that his particular vulnerability to

Exhibit U

COVID-19 as a 70-year-old diabetic constituted an "extraordinary and compelling" reason for his compassionate release. R. 81. Relevant here, Garcia acknowledged that the court's discretion to reduce his term of imprisonment was provided in section 3582(c)(1(A). R. 81 at 3. He claimed, however, that the court had the authority to find "extraordinary and compelling" reasons other than those expressly identified in the relevant commentary to section 1B1.13 of the Guidelines and said that his age and diabetes constituted such reasons. *Id.* at 6-7. Garcia further stated that an evaluation of the section 3553(a) factors demonstrated that a sentence of time served would be sufficient but not greater than necessary to accomplish the goals of sentencing. *Id.* at 17.

The United States opposed Garcia's motion, noting that any sentence reduction under § 3582(c)(1(A) had to be consistent with the applicable policy statements in the application notes to U.S.S.G. § 1B1.13. R. 84 at 4, 6-10. The United States also argued that Garcia could not sustain his burden of showing that he had a medical condition that was "extraordinary and compelling," thereby justifying release. *Id.* at 1. Garcia's reply to the government largely reiterated his earlier arguments and noted the increasing number of cases of COVID-19 across BOP facilities. R. 85.

The court denied Garcia's motion. R. 87. The court held that it did not need to address the complex legal issues briefed by the parties, including whether courts can independently determine compelling and extraordinary reasons in light of the

Sentencing Commission's policy statement, and the application of compassionate release in the face of a global pandemic. *Id.* at 2-3. The court stated that it could "not release a defendant when doing so would create a severe risk of danger to another person or the community." *Id.* at 3. The court concluded that releasing Garcia presented just such "a grave risk of harm" given that he had stated that upon release he would self-quarantine with a former significant other whom he had reportedly physically and sexually assaulted, among other reasons. *Id.*

Garcia subsequently filed an amended motion for compassionate release, providing a new release plan. R. 88 at 2. The government again opposed the motion, incorporating its previous argument that Garcia had not presented an "extraordinary and compelling" reason for release, and emphasizing that Garcia was unsuitable for early release under the section 3553(a) factors and posed a danger to the community. R. 90 at 1.

The court again denied Garcia's motion, finding that he had not satisfied the "extraordinary and compelling reasons" requirement in section 3582(c)(1)(A)(i). R. 91. The court noted that it could "only grant a reduction 'consistent with applicable policy statements issued by the Sentencing Commission'" and determined that the application notes to U.S.S.G. § 1B1.13 governed the "extraordinary and compelling reasons" analysis. *Id.* at 7-8 (citing § 3582(c)(1)(A)). The court further concluded that the policy statement did not allow it to identify "extraordinary and

compelling" circumstances beyond those identified in the application notes, as Garcia had urged. *Id.* at 9.

Because the court concluded the policy statement remained binding, it determined it could not grant Garcia's motion, noting that Garcia had not argued that his "extraordinary and compelling" circumstances fell within the Guidelines' policy statement. R. 91 at 11. In further comments, the court noted that it was capable of adjudicating whether Garcia presented a danger, but did not reach that question in light of its inability to find "extraordinary and compelling" circumstances outside the policy statement. *Id.* at 12.

## ANALYSIS

As an initial matter, the government agrees with the district court that section 1B1.13 and its application notes governed Garcia's motion. R. 91 at 7-8. The government also concurs that the district court lacked the power "to make an independent determination of whether non-enumerated other reasons constitute extraordinary and compelling circumstances under the present legal regime." *Id.* at 3.

The government concedes, however, that Garcia has presented an "extraordinary and compelling" reason for release as defined in the application notes to section 1B1.13. Specifically, given the COVID-19 pandemic, Garcia has shown that he is "suffering from a serious . . . medical condition . . . that

substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover," even if that condition in ordinary times would not allow for compassionate release. U.S.S.G. § 1B1.13, comment. (n.1(A)(ii)). Garcia is diabetic, and the Centers for Disease Control and Prevention lists diabetes as a risk factor for contracting a more severe form of COVID-19. Centers for Disease Control and Prevention, *People Who Are at Higher Risk for Severe Illness*, May 14, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html. The government's position in this case is consistent with the recent position taken by the Department of Justice's Office of the Solicitor General. *See* Reply in Supp. of Application for Stay, *Williams v. Wilson*, No. 19A1047, at 18, n.4 (June 4, 2020).

The United States therefore concedes that Garcia has presented an "extraordinary and compelling" reason for his release within the framework of section 3582(c) and the Guidelines, but requests that this Court remand the case so that the district court may weigh the section 3553(a) factors and consider in the first instance whether, as the United States argued below and maintains, Garcia presents a danger to another individual or the community such that he should not be released.

Counsel for Garcia has been consulted and has no objection to the government's motion for remand,

## CONCLUSION

The United States therefore respectfully requests that this Court remand the above-captioned case to the district court.

Respectfully submitted,

JOHN C. MILHISER
*United States Attorney*

/s/ Katherine V. Boyle
*Assistant United States Attorney*
*Office of the United States Attorney*
*201 S. Vine St., Suite 226*
*Urbana, Illinois 61801*
*(217) 373-5875*

Exhibit U

## CERTIFICATE OF SERVICE

I certify that on June 8, 2020, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I further certify that all participants in this case are CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/Katherine V. Boyle
Assistant United States Attorney

Exhibit U